UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL DELON FLEMING**,
a legally incapacitated individual,
by and through SUE FLEMING,
his legal guardian,

       Plaintiff,                       CASE NO.: 2:04-CV-74354-DT

vs.                                     HON. ARTHUR J. TARNOW
                                         MAG. JUDGE WALLACE CAPEL, JR.

**F.N.U. FIELDS**, in his individual capacity
and Wayne County, jointly and severally,

       Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

**I.**    **INTRODUCTION**

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendant Fields violated his Fourth and Fourteenth Amendment rights by using unreasonable and excessive force against him in a dispute over a blanket. Plaintiff also alleges that Defendant Fields committed the constitutional violations as a result of his training, and/or lack of training, policies, procedures, and customs adopted by the Wayne County Sheriff's Department and/or Wayne County.

**II.**    **SUMMARY JUDGMENT**

Currently pending before the Court is Defendant's Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(6) and Rule 56. Under Fed. R. Civ. P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e). To create a genuine issue of material fact, the nonmoving party must present more than evidence of a disputed issue; the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F. Supp. 214, 217 (E.D. Mich. 1990).

**III.   ANALYSIS**

Defendants first argue that they are entitled to summary judgment because Plaintiff gave multiple, contradictory versions of the alleged assault. Defendants argue that evidence too

incredible to be accepted by reasonable minds does not raise an issue of credibility that would defeat a motion for summary judgment.[1]  Defendants also claim that

> Plaintiff lied under oath giving incredible and inconsistent testimony about the facts of this case.  His first three statements about the November 6, 2001, assault are drastically different frm this grievance filed three years afterthe incident.  More notably, Plaintiff's July 14, 2005, deposition testimony entirely contradicts his previous statement describing the assault.[2]

The Second Circuit has addressed the issue of inconsistent and incredible testimony in Jeffreys v. The City of New York, 426 F.3d 549, 554 (2nd Cir. 2005):

> Our inquiry focuses on whether the District Court erred in concluding, upon review of the record as a whole, that there were no genuine issues of material fact in the instant case - that is, that even after drawing all inferences in the light most favorable to Jeffreys, no reasonable jury could have issued a verdict in his favor. While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether "the jury could reasonably find for the plaintiff," Anderson, 477 U.S. at 252, 106 S.Ct. 2505, and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account. Under these circumstances, the moving party still must meet the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor. See Fischl v. Armitage, 128 F.3d 50, 56 (2nd Cir. 1997).

The case before the Court does not meet the criteria established in Jeffreys in that this case is not wholly dependent upon Plaintiffs inconsistent versions of events.  In fact, this case does not depend upon Plaintiff's versions of events at all.

---

[1] Defendants' Motion for Summary Judgment filed January 3, 2006, (hereinafter, Defendants' Motion) at page 8 (citing Neiman v. Long, 31 F. Supp. 30 (E.D. Pa. 939), and Gross v. Bank of Cleveland, 29 F. Supp. 1005 (S.D. Ohio 1939).

[2] Defendants' Motion at page 8.

Written statements were obtained from other inmates who observed the events in question. Inmate Farr stated that the Defendant and Plaintiff argued about the Defendant taking the Plaintiff's blankets, at which time Defendant threw Plaintiff against the wall and hit him in the face three to four times.[3] Inmate Farr stated that Plaintiff and Defendant argued about the blankets and Defendant started hitting Plaintiff in the eye.[4] Plaintiff covered his face, and when he dropped his hands, Defendant hit him again.[5] Byrdsong denied that Plaintiff took an aggressive stance, balled his fist, or raised his arms towards Defendant.[6]

Medical records in regards to incident demonstrated the following:

Plaintiff was initially seen by the nurse on the mental housing unit at 16:15 p.m. She quotes Plaintiff as saying that he was "hit several times in the face." She noted a "large amount of blood from the nose and discoloration and swelling of the right eye upper eyelid." The apparent injuries were limited to the area around the right eye. Later the same evening, another nurse evaluated the Plaintiff for complaints of neck pain. She noted some infection, redness of the nasal marginal sclera of his right eye and the lower eye. She also reports some slight swelling on the left side of his jaw below his lip.

Sixth Circuit precedent holds that "pretrial detainees held in the jail are protected under the Fourteenth Amendment, which provides that 'a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994), quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979); accord Batey v. County of Allegan, 202 U.S. Dist Lexis 4918 at *14 (6th Cir. 2002) (Sixth Circuit applies Eighth Amendment standard to excessive force claims of pretrial detainees).

---

[3] Defendants' Motion, Exhibit H at page 2.

[4] Id.

[5] Id.

[6] Id.

In Caldwell v. Moore, the Sixth Circuit observed that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986): whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 968 F.2d 595, 599-600 (6th Cir. 1992).

Viewing the facts in the light most favorable to Plaintiff, a jury could, while completely disregarding his statements, find based upon the statements of inmates Fleming and Byrdsong that force was being used maliciously and sadistically to cause harm. Defendants are not entitled to summary judgment for the reasons stated in their first argument.

Defendant Fields' next argument is that he is protected by qualified immunity. A court required to rule upon the qualified immunity issue must first determine this: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 522 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). If a constitutional violation has been established, the next step is to ask whether the right was clearly established. Id. If the first two requirements are met, the final inquiry is whether the plaintiff has offered sufficient avidence to indicate that what the defendant allegedly did was objectively unreasonable in the light clearly established constitutional rights. Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003).

I have already concluded that the alleged facts taken in the light most favorable to Plaintiff do show that Defendants conduct violated a constitutional right. Inmate Byrdsong's statement that Defendant started hitting Plaintiff in the eye, while Plaintiff offered no resistance, would be a violation of Plaintiff's right to be free of excessive force. Thompson, 29 F.3d at 242.

As to the second inquiry, the right of a pretrial detainee to be free from excessive force has been clearly established since 1979. See Bell, 441 U.S. at 535-39.

The only question is then whether Defendant's actions were objectively unreasonable in light of clearly established constitutional rights. I conclude in this case that they were. Defendant cannot use force beyond that necessary to cause the prisoner to comply with his request. See Thomas v. Greene, 1999 WL 1253102 at *1 (6th Cir. 1999). On these facts, Defendant would not be entitled to qualified immunity.

Defendant's final argument is that the County is entitled to summary judgment because Plaintiff has failed to establish that a municipal custom or policy was directly responsible for the alleged constitutional injury. I agree.

A government entity may only be held liable for a constitutional deprivation under § 1983. Monell v. Dept. of Soc. Servs., 426 U.S. 658, 690, 98 S. Ct. 2018, 2035-36 (1978). A government entity cannot be held liable for a § 1983 violation under a theory of respondeat superior. Id. at 691. Proof of a single incident of unconstitutional conduct is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing unconstitutional policy, which policy can be attributed to a policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985). A policy is a deliberate choice to follow a course of action made from among various alternatives by the officials responsible for establishing formal policy with respect to the subject matter in question. Pembar v. City of Cincinatti, 475 U.S. 469, 483, 106 S. Ct. 1292, 1300 (1986).

In regard to failure to train, inaction only becomes a policy or custom when the failure to enact policy "amounts to deliberate indifference to the rights of persons with whom [the corrections

6

guards] come into contact." City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989).  Finally, it is not enough that Plaintiff merely identify the custom or policy.  Plaintiff must also connect the custom or policy with the constitutional deprivation. Id. at 385.

Plaintiff in this case fails to provide any evidence to establish that the County had a custom or policy of tolerating or justifying excessive force while detaining persons charged with crimes. The County is entitled to summary judgment as to Plaintiff's claims.

## IV.     CONCLUSIONS

For the reasons stated above, I respectfully recommend that Defendant Fields' request for summary judgment be **DENIED**, and Defendant Wayne County's Motion for Summary Judgment be **GRANTED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that, within ten days after being served with a copy of this recommendation, they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                                   s/Wallace Capel, Jr.
                                                   **WALLACE CAPEL, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

**Date:**   August 9, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James M. Surowiec,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Azzam E. Elder, Wayne County Corporation Counsel, 600 Randolph, Second Floor, Detroit, MI 48226-2831; Michael Delon Fleming, #358778, R.Q. Handlon Correctional Facility, 1728 W. Bluewater Hwy., Ionia, MI 48846; Sue Fleming, 18820 Moross, Detroit, MI 48224.

                                                      s/James P. Peltier
                                                      United States District Court
                                                      Flint, Michigan 48502
                                                      810-341-7850
                                                      E-mail: pete_peltier@mied.uscourts.gov