**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL DELON FLEMING, BY AND
THROUGH SUE FLEMING, HIS LEGAL
GUARDIAN

        PLAINTIFF,        CIVIL ACTION NO. 04-74354

V.        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

F.N.U FIELDS, *ET AL.*,

        MAGISTRATE JUDGE
        DEFENDANTS.        WALLACE CAPEL, JR.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT & RECOMMENDATION [D/E # 32]
DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT [D/E # 18]**

**I.    Introduction**

In this *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendant Fields violated his Fourth and Fourteenth Amendment rights by using unreasonable and excessive force against him while in custody.  Plaintiff also alleges that Wayne County and the Wayne County Sheriff's Department through its improper policies, practices procedures and customs proximately caused this violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

Defendants' filed a Motion for Summary Judgment which was later referred to the Magistrate Judge.  The Magistrate Judge filed a Report and Recommendation regarding the Defendants' motion which is the basis of this Order.  The Magistrate recommended that the motion should be granted with regard to Defendant Wayne County since Plaintiff failed to produce any evidence that Wayne County had a custom or policy of tolerating or justifying excessive force while detaining persons charged with crimes.  With regard to Defendant Fields, the Magistrate recommended that the motion be denied since

    [v]iewing the facts in the light most favorable to Plaintiff, a jury could, while

completely disregarding his statements, find based upon statements of inmates Fleming and Byrdsong that force was being used maliciously and sadistically to cause harm.

The Magistrate also determined that Defendant Fields was not entitled to qualified immunity since Defendant's actions were "objectively unreasonable in light of clearly established constitutional rights" when taking the facts in the light most favorable to Plaintiff.

Defendant Fields filed Objections to the Report and Recommendation issued by Magistrate Judge Capel complaining about: 1) the Magistrate's Conclusion that Plaintiff's Incredible Testimony Does Not Provide a Legitimate Basis for Dismissal; and 2) the Magistrate's Conclusion that Deputy Fields is not Entitled to Qualified Immunity.

Having read the briefs, the Magistrate's Report and Recommendation, and Defendant Fields' Objections to the Report, this Court **ADOPTS** the Magistrate's Report and Recommendation as the findings of this court for the reasons stated below.

## II.     Objections

Defendant Fields argues in both his Motion for Summary Judgment and his Objections to the Magistrate's report that Plaintiff's "incredible" testimony provides a permissible basis for dismissal under *Jeffreys v. The City of New York*, 426 F.3d 549, 554 (2nd Cir. 2005).

Certainly, this Court is permitted to dismiss a case where it is apparent that a party has fabricated, embellished, or otherwise put forth incredible testimony that is not worthy of belief. However, as noted by the Magistrate, Plaintiff's complaint does not merely rely on his often conflicting testimony.  Plaintiff has provided statements by inmates Lloyd Farr and Payton Byrdsong that if taken as true support Plaintiff's § 1983 claim.

In his Objections, Defendant Fields argues that the two inmates, who have not been deposed, report different details which do not match Plaintiff's testimony.  Defendant Fields will have the chance to point out these inconsistencies both in a potential, future motion for summary judgment after depositions or at trial.

Defendant Fields also believes that a more significant reason for dismissing the case at

this stage is that Plaintiff "is unable to maintain a consistent factual account of what happened on November 6, 2001." This Court disagrees that this is more significant in terms of deciding this motion. Though, Plaintiff may not be a good witness at trial because of the inconsistencies, again Plaintiff may decide to rest his case solely on the testimony of Farr and Byrdsong. Even if Plaintiff does decide to take the stand, Defendant may point out these inconsistencies to the jury.

For the same reasons, Defendant Fields argument concerning Plaintiff's injuries, which again calls into question Plaintiff's credibility, similarly fails.

Defendant Fields also objects to the Magistrate's conclusion that Deputy Fields is not entitled to qualified immunity because "the Court should *not* be forced to favorably consider evidence that is incredible, exaggerated, and blatantly false." Again even without his own testimony, Plaintiff has presented enough evidence to get by this stage of summary judgment.

### III.    Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that this Court **ADOPTS** the Magistrate's Report and Recommendation as the findings of this court for the reasons stated below.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. Defendant Wayne County is **DISMISSED** from the case. Defendant Fields' Motion for Summary Judgment based on insufficiency of the evidence and qualified immunity is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's previous request for counsel is now **GRANTED** and counsel shall be provided.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2006, by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager